E-FILED
Thursday, 15 November, 2018 08:48:31 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JUDY REIMER and DENNIS REIMER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 18-cv-3182 ) |
| FOREMOST INSURANCE GROUP, | ) ) ) ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Foremost Insurance Group's (Foremost) Motion to Dismiss Plaintiff's First Amended Complaint for Declaratory Judgment (d/e 8) (Motion). The parties have consented to proceed before this Court. <u>Consent to the Exercise of Jurisdiction by a United States Magistrate and Reference Order entered November 13, 2018 (d/e 11)</u>. For the reasons set forth below, the Motion is ALLOWED in part. The First Amended Complaint for Declaratory Judgment (d/e 6) (First Amended Complaint) is dismissed with leave to replead.

## STATEMENT OF FACTS

For purposes of the Motion, the Court assumes all well-pleaded facts are true. <u>Anicich v. Home Depot U.S.A., Inc.</u>, 852 F.3d 643, 646 (7th Cir. 2017). The

First Amended Complaint alleges that Defendant Foremost issued the Plaintiffs Judy Reimer and Dennis Reimer an insurance policy (Policy) to provide commercial mobile home insurance coverage for a set of 22 mobile homes located in Shelby County, Illinois. The Policy covered the time period from September 6, 2016 to September 6, 2017. Plaintiffs paid the premiums on the Policy. <u>First Amended Complaint</u> ¶¶ 6, 9, and Exhibit A, <u>Declaration Page of Insurance Policy</u>.

An individual named Donald Reimer and/or his associates damaged the mobile homes covered by the Policy. The damage occurred in the calendar years 2016 and 2017. <u>First Amended Complaint</u> ¶¶ 1, 3.

Plaintiffs suffered "financial injuries to the extent of $172,000 as the actual amount of damages to the mobile homes. Plaintiffs further allege that they "have a tangible legal interest in the restoration of their mobile homes." Foremost made an offer of payment for the damage to the mobile homes, but the offer did not approach the actual amount of damage. <u>First Amended Complaint</u> ¶¶ 10-12.

Plaintiffs Judy and Dennis Reimer ask for a declaratory judgment that their claim of loss of $172,000 is covered under the Policy and Foremost is contractually obligated under the Policy to pay that sum to Plaintiffs. Foremost moves to dismiss the First Amended Complaint.

ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

Plaintiffs ask the Court to declare their rights under the Policy. The Policy is a contract. To allege a right to recover under a contract, the Plaintiffs must

allege a valid contract, performance by the Plaintiffs, a breach of the contract by Foremost, and damages. See e.g., Babbitt Municipalities, Inc. v. Health Care Service Corp., 2016 IL App (1st) 152662, ¶ 27, 64 N.E.3d 1167, 1186 (Ill. App. 1st Dist. 2016). In the context of insurance policies, a plaintiff suing to recover on a loss has the burden to show that the alleged loss was covered by the Policy. See St. Michael's Orthodox Catholic Church v. Preferred Risk Mut. Ins. Co., 146 Ill.App.3d 107, 109, 496 N.E.2d 1176, 1178 (1st Dist. 1986); Gibson v. State Farm Mutual Auto Insurance Co., 125 Ill. App.3d 142, 148, 465 N.E.2d 689, 693 (1st Dist. 1984); Polzin v. Phoenix of Hartford Insurance Cos., 5 Ill. App.3d 84, 87, 283 N.E.2d 324, 326 (1st Dist. 1972).

In this case, Plaintiffs fail to allege that the damage to the mobile homes occurred while the Policy was in effect. The Policy was in effect from September 6, 2016 to September 6, 2017. The First Amended Complaint alleges that the damage to the mobile homes occurred in 2016 and 2017. The Plaintiffs must allege whether the damage occurred during the 12-month period that the Policy was in effect. If the damage did not occur while the Policy was in effect, the Plaintiffs must allege some other facts that would establish Foremost's obligation to pay for the loss.

Plaintiffs argue that they alleged facts to show that the damage to the mobile homes occurred while the Policy was in effect. They rely on the allegation

that Foremost offered to pay for the damage. This allegation only states that Foremost made an offer to settle their claim for far less than the amount of the loss. An offer to settle a claim does not prove the validity of the claim. The Plaintiffs' allegations fail to state that the damage occurred while the Policy was in effect. The Plaintiffs fail to state a claim. The Court, however, gives the Plaintiffs an opportunity to replead to cure this defect.

THEREFORE, IT IS ORDERED that Defendant Foremost Insurance Group's Motion to Dismiss Plaintiff's First Amended Complaint for Declaratory Judgment (d/e 8) is ALLOWED in part. The First Amended Complaint for Declaratory Judgment (d/e 6) is DISMISSED with leave to replead. Plaintiffs must file a second amended complaint by December 7, 2018. Defendant must respond to the second amended complaint by December 28, 2018.

ENTER:  November 15, 2018

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE