E-FILED
 Tuesday, 24 September, 2019  11:49:03 AM
 Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JUDY REIMER and DENNIS REIMER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 18-cv-3182 |
| FOREMOST INSURANCE COMPANY, GRAND RAPIDS, MICHIGAN, | ) ) ) ) ) | |
| Defendant. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs Judy Reimer and Dennis Reimer's Motion for Voluntary Dismissal (d/e 23) (Motion to Dismiss) and Defendant Foremost Insurance Company, Grand Rapids, Michigan's (Foremost) Objection to Plaintiffs' Motion to Voluntarily Dismiss Under F.R.C.P. 41(a)(2) and Motion to Bar New Claims for Additional Damages (d/e 24) (Motion to Bar). The parties have consented to proceed before this Court. Consent to the Exercise of Jurisdiction by a United States Magistrate Judge  and Reference Order entered November 13, 2018 (11). For the reasons set forth below, the Motion to Dismiss is DENIED and the Motion to Bar is ALLOWED in part. The Plaintiffs are

barred from pursuing claims in this case for damages that occurred after the alleged term of insurance policy ended on September 6, 2017. The Court, however, will not dismiss the case with prejudice and will not rule on the admissibility of evidence at trial at this time.

STATEMENT OF FACTS

Plaintiffs Judy and Dennis Reimer allege that Foremost issued an insurance policy to them covering damage to mobile homes (Mobile Homes) that they owned. Plaintiffs allege the insurance policy (Policy) was effective from September 6, 2016 through September 6, 2017 (Policy Year). Second Amended Complaint for Declaratory Judgment (d/e 13) (Complaint), ¶ 1. The declaration page of the Policy attached to the Complaint confirms that the Policy was effective for Policy Year. Amended Complaint (d/e 6), Exhibit A, Policy Declaration Page.

Plaintiffs allege the Mobile Homes suffered damaged. Plaintiffs further allege that they had a history of purchasing insurance from Foremost "for a lengthy period of time." Complaint, ¶¶ 3-9.

Plaintiffs allege that Foremost made an offer of payment for the damages. Complaint, ¶ 10. During discovery, Foremost disclosed that the Reimers filed four claims on the Policy during the Policy Year: Claim No. 3008001038-1 with a reported claim of loss date of December 21, 2016,

Claim No. 3007995397-1-1 with a reported claim of loss date of February 4, 2017, Claim No. 3008279283-1-1 with a reported claim of loss date of February 15, 2017, and Claim No. 3008840644-1-4 with a reported claim of loss date of June 13, 2017.  <u>Motion to Bar</u>, Exhibit C, <u>Defendant's Rule 26(a)(2) Expert Disclosures</u>, at 3 (collectively Policy Year Damage Claims).

On October 27, 2017, Foremost's adjuster inspected the Mobile Homes and determined that the losses for the Policy Year Damage Claims totaled $22,589.86.  On January 22, 2018, Foremost acknowledged coverage of the $22,589.86 loss and offered to pay this sum in full, less the $250 per mobile home deductible under the Policy.  <u>Motion to Bar</u>, Exhibit A, <u>Letter from Foremost Counsel to Reimers' Counsel dated January 22, 2018</u>.

Plaintiffs allege that the offer did not approach the actual amount of damages.  Plaintiffs allege that the damages to the Mobile Homes exceeded $172,000.  <u>Complaint</u>, ¶ 11.  Plaintiffs ask the Court for a declaratory judgment on the correct amount of the damages payable under the Policy.  <u>Complaint</u>, <u>Prayer for Relief</u>.

Plaintiffs now state that other damages occurred to the Mobile Homes after September 6, 2017, after the Mobile Homes were moved off of lots at a mobile home park (Post-Policy Year Damage Claims).  Plaintiffs state

that they wish to litigate the Post-Policy Year Damage Claims with the Policy Year Damage Claims alleged in the Complaint. Plaintiffs state that the time has passed to amend the pleadings in this case. Plaintiffs therefore seek to dismiss this case without prejudice and file a new case that would include the Post-Policy Year Damages. Plaintiffs' Brief in Opposition to Defendant's Motion to Bar Claims for Additional Damages (d/e 26), ¶¶ 1, 2, 5, 6, 15-17.

Foremost objects to dismissal because it argues that it would be unfairly prejudiced. Foremost has expended time and energy to prepare for trial on the Policy Year Damage Claims alleged in the Complaint. Foremost has engaged in extensive discovery on these claims. Foremost has also retained an expert to evaluate the Policy Year Damage Claims alleged in the Complaint. Discovery is complete and the case is ready for trial. Foremost objects to starting all over with new claims not included in the Complaint. See Motion to Bar, at 8-11, Exhibit C, Defendant's Rule 26(a)(2) Expert Disclosures.

The Court agrees with Foremost that dismissal now without a decision on the merits of the Policy Year Damage Claims would unfairly prejudice Foremost. Foremost has prepared to litigate the proofs of claims submitted during the Policy Year and is entitled to a resolution of those

claims. Foremost has gone to the expense of hiring an expert and deposing a number of individuals. Foremost would be prejudiced if it could not secure a resolution of the Policy Year Damage Claims alleged in the Complaint. See Fluker v. County of Kankakee, 945 F.Supp.2d 972, 982-83 (C.D. Ill. 2013).

The Plaintiffs argue that Foremost will not be prejudiced because it can use all the discovery already conducted and its expert witness in the new action. The Plaintiffs argue that Foremost's costs will not be increased. The Court disagrees. Any new action will be a much more complicated case. Plaintiffs seek to recover both Policy Year Damage Claims and Post-Policy Year Damage Claims. The Post-Policy Year Damages occurred after the Policy Year, and so, after the Policy expired. The Plaintiffs would need to add claims based on the insurance policy that became effective after the Policy Year, either a renewal policy issued by Foremost or a new policy issued by another insurer (Successor Policy). Adding claims under a Successor Policy will complicate this case. Additional discovery may be necessary to determine the parties' performance under the Successor Policy. Foremost may need to secure a new expert witness report regarding the damages involved in the Post-Policy Year Damage Claims. Foremost will be required to incur additional

costs if the Plaintiffs add these new claims to this case.  In light of this prejudice, the Court will not dismiss this case without prejudice at this juncture.

The Court will also bar Plaintiffs from pursuing the Post-Policy Year Damage Claims in this case.  Allowing Plaintiffs to add claims now would delay resolution of this case and increase costs on the parties.  The parties will go forward with the Plaintiffs' Policy Year Damage Claims to the Mobile Homes.  The Plaintiffs are barred from litigating their Post-Policy Year Damages Claims in this case.

The Plaintiffs do not appear to be prejudiced by excluding their Post-Policy Year Damage claims from this case.  The events that caused the Post-Policy Year Damages appear to be separate transactions since they did not occur during the Policy Year.  The Plaintiffs, therefore, may be able to bring a separate action against the insurer that issued the Successor Policy, whether Foremost or some other insurer.  Resolution of Foremost's liability under the Policy for the Policy Year Damage Claims should not affect the Plaintiffs' Post-Policy Year Damage Claims under the Successor Policy.

The Court recognizes that Plaintiffs may not have a Successor Policy on which to seek a remedy for the Post-Policy Year Damage Claims.  Even

if that is true, Plaintiffs will not be prejudiced by the Court's bar of the Post-Policy Year Damage Claims from this case. Bringing the Post-Policy Year Damages Claims in this case would be futile. The Post-Policy Year Damages occurred after September 6, 2017, after the Policy was no longer in effect. The Policy would provide no coverage for these claims. There would be no point to adding the claims to this case.

The parties will proceed in this case on the Plaintiffs' Policy Year Damage Claims. The Plaintiffs may seek a remedy for the Post-Policy Year Damage Claims in another venue either against the perpetrators of the alleged damage to the Mobile Homes or against the insurer that issued the Successor Policy, if such a Successor Policy exists.

The parties' submissions in connection with the Motion also indicate that issues of fact may not exist with respect to the Policy Year Damage Claims. In the interest of judicial economy, therefore, the Court amends the schedule in this case and authorizes the parties to file motions for summary judgment on or before October 15, 2019.

THEREFORE, IT IS ORDERED that Plaintiffs Judy Reimer and Dennis Reimer's Motion for Voluntary Dismissal (d/e 23) is DENIED; and Defendant Foremost Insurance Company, Grand Rapids, Michigan's Objection to Plaintiffs' Motion to Voluntarily Dismiss Under F.R.C.P.

41(a)(2) and Motion to Bar New Claims for Additional Damages (d/e 24) is ALLOWED in part. Plaintiffs are barred from pursuing any claims for damages that occurred after September 6, 2017. The Court denies the Defendant's alternative request to dismiss the case with prejudice and will not rule on the admissibility of evidence at trial at this time. In the interest of judicial economy, the Court amends the schedule in this case and authorizes the parties to file motions for summary judgment on or before October 15, 2019. The pretrial conference set for December 2, 2019 at 10:00 a.m., and the jury trial set for December 10, 2019, remain in effect as scheduled.

ENTER: September 24, 2019

　　　　　　　　　　　　s/ *Tom Schanzle-Haskins*
　　　　　　　　　　　　TOM SCHANZLE-HASKINS
　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE