IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JUDY REIMER and DENNIS REIMER, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 18-cv-3182 |
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, | ) ) ) ) ) | |
| Defendant. | ) | |

## **OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Foremost Insurance Company Grand Rapids, Michigan's (Foremost) Motion for Partial Summary Judgment on Damages (d/e 30) (Foremost Motion), and Plaintiffs Judy Reimer and Dennis Reimer's (collectively the Reimers) Motion for Partial Summary Judgment on Liability (d/e 31) (Reimer Motion) (collectively Motions). The parties consented to proceed before this Court. <u>Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered November 13, 2018 (d/e 11)</u>. For the reasons set forth below, the Court allows the Foremost Motion and allows Reimer Motion in part.

At summary judgment, the moving party must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to the non-moving party. Any doubt as to the existence of a genuine issue for trial must be resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once the moving party has met its burden, the non-moving party must present evidence to show that issues of fact remain with respect to an issue essential to its case, and on which the non-moving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As the Seventh Circuit has stated, "[S]ummary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Johnson v. Cambridge Industries, Inc., 325 F.3d 892, 901 (7th Cir. 2003) (internal quotation marks omitted).

Consistent with these principles, the Local Rules of this Court require a moving party to set forth in its motion a numbered list of each undisputed fact, to attach relevant documentary evidence to support each undisputed fact, and to provide citations to the exhibit and page number of each piece

of documentary evidence that supports each fact.  Local Rule 7.1(D)(1)(b).  The Local Rules further require the moving party to include a legal argument in a motion for summary judgment with citation to appropriate authority.  Local Rule 7.1(D)(1)(c).

      The Reimers alleged in their Complaint that Foremost issued to them Insurance Policy 444-0019060470 (Policy) to cover losses from property damage to certain mobile homes (Mobile Homes) owned by the Reimers.  The Reimers further alleged that they filed claims with Foremost for losses covered by the Policy.  <u>Second Amended Complaint for Declaratory Judgment (d/e 13) (Second Amended Complaint)</u>, ¶¶ 1-4, 6-10; <u>see</u> <u>First Amended Complaint</u>, Exhibit A, <u>Policy Declaration Page</u>.[1]  Foremost admits the existence of the Policy and that the Reimers filed claims under the Policy.  <u>Defendant's Answer to Plaintiffs' Second Amended Complaint for Declaratory Judgment (d/e 15)</u>, ¶¶ 1-2, 4, 6-10.  The parties dispute the amount of the covered loss of the allowed claims under the Policy.  The Court addresses each of the Motions separately below.

---

[1] The Reimers attached the Policy Declaration Page in the First Amended Complaint, but not to the Second Amended Complaint.  The omission from the Second Amended Complaint seems to have been inadvertent.

Page **3** of 8

## REIMER MOTION

The Reimer Motion asks for partial summary judgment that they filed valid claims under the Policy and Foremost is liable to pay the Reimers' valid claims. Foremost does not dispute that the Reimers filed valid claims. The Reimers are entitled to summary judgment on this aspect of the Reimer Motion.

The Reimer Motion also asserts that issues of fact exist regarding the amount Foremost owes the Reimers to pay the claims. To the extent that the Reimers ask the Court to make this finding, the Reimer Motion is denied. The Reimer Motion states one sentence regarding the disputed amount of the loss, "That the issue of the amount of damages remains unresolved," Reimer Motion ¶ 4. The Reimer Motion cites no evidence to support this assertion. Summary judgment is "put up or shut up" time. Johnson v. Cambridge Industries, Inc., 325 F.3d 892, 901. The Reimers had to submit evidence that could convince a trier of fact to believe their position as to the amount of damages. They did not do so. The Reimers, therefore, failed to present evidence to show that issues of fact exist

regarding the amount of damages. To the extent that the Reimers ask the Court to make such a finding, the request is denied.[2]

## FOREMOST MOTION

The Reimers did not respond to the Foremost Motion as required by Local Rule 7.1(D)(2). The Reimers, therefore, are deemed to have admitted the undisputed facts stated in the Foremost Motion. Local Rule 7.1(D)(2). In that light the Reimers' admission, Foremost's Statement of Undisputed Facts and supporting evidence shows the following.

Foremost issued the Policy to the Reimers to provide insurance to cover losses from property damage to the Mobile Homes owned by the Reimers. The Mobile Homes were situated in the Lake Shelbyville Mobile Park in Shelbyville, Illinois (Park). Motion, Exhibit N, Deposition of James Reimer, at 14. The Policy was effective from September 6, 2016 to September 6, 2017 (Policy Year). Second Amended Complaint ¶ 1; see First Amended Complaint, Exhibit A, Policy Declaration Page. The Reimers submitted four claims on the Policy during the Policy Year: Foremost Claim numbers 3008001038-1-1 (with reported date of loss of

---

[2] The Reimers also failed to comply with Local Rule 7.1(D). The Reimers did not include a statement of undisputed facts with appropriate citation to supporting evidence and did not include an argument with citation to authorities, both required by Local Rule 7.1(D)(1)(b) and 7.1(D)(1)(c). As such, the Reimer Motion is subject to summary denial. Local Rule 7.1(D); see Waldridge v. American Hoechst Corp., 24 F.3d 918, 920-24 (7th Cir. 1994).

December 21, 2016), 3007995397-1-1 (with a reported date of loss of February 4, 2017), 3008279283 (with a reported date of loss of February 15, 2017), and 3008840644 (with a reported date of loss of June 13, 2017) (collectively the Claims).  Foremost Motion:  Statement of Undisputed Fact (Foremost Statement of Fact) ¶ 1; Exhibit B, Affidavit of Thomas DeHahn (DeHahn Affidavit), ¶ ¶ 3-4; and Exhibit C, Defendant's Rule 26(a)(2) Disclosures, at 3.

    Foremost's expert witness, Special Field Claims Representative Thomas DeHahn opined of the amounts of the covered losses under the Claims.  Foremost's Claims Representatives Michael Erwin and Deborah Sulcer inspected the Mobile Homes to adjust the Claims.  DeHahn reviewed Foremost's files on the Claims including the information secured by Erwin and Sulcer in their inspections of the Mobile Homes.  DeHahn determined that the Actual Cash Value of the total covered loss set forth in the Claims was $22,589.86.  The Actual Cash Value is the recoverable amount under the Policy.  The Actual Cash Value is equivalent to the replacement cost of the damaged portions of each Mobile Home, less depreciation, and less any applicable deductibles.  DeHahn Affidavit, ¶ ¶ 5-6; Motion, Exhibit C, Defendant's Rule 26(a)(2) Expert Disclosures, at 4-5.

The Reimers submitted no evidence to contradict DeHahn's assessment of the Actual Cash Value of the covered losses. The Reimers furthermore did not respond to the Foremost Motion, and so, admitted Foremost's Statements of Undisputed Facts that the Actual Cash Value of $22,589.86 is the amount of the covered loss. Local Rule 7.1(D)(2). Therefore, the sum of $22,589.86 is the undisputed value total covered loss set forth in the Claims and covered by the Policy. Foremost is entitled to partial summary judgment on the issue of damages. The sum due to Plaintiffs under the Policy is $22,589.86.

No matters remain at issue under the Plaintiffs' Second Amended Complaint. The partial allowance of the Reimer Motion establishes that they filed valid claims that Foremost must pay under the Policy. The allowance of the Foremost Motion established that Foremost owes the Reimers $22,589.86 on their valid claims under the Policy. The Court, therefore, enters final judgment in this case.

THEREFORE, IT IS ORDERED that Defendant Foremost Insurance Company Grand Rapids, Michigan's Motion for Partial Summary Judgment on Damages (d/e 30) is ALLOWED, and Plaintiffs Judy Reimer and Dennis Reimer's Motion for Partial Summary Judgment on Liability (d/e 31) is ALLOWED in part and DENIED in part. The Court hereby declares that

insurance coverage existed on Plaintiffs Judy Reimer and Dennis Reimer's claims against Defendant Foremost Insurance Company Grand Rapids, Michigan.  The Court declares that Defendant Foremost Insurance Company Grand Rapids, Michigan has a duty to pay Plaintiffs Judy Reimer and Dennis Reimer the sum of $22,589.86 to satisfy in full all claims brought by the Plaintiff Judy Reimer and Dennis Reimer under the Policy, which encompasses those alleged in the Second Amended Complaint.  All pending motions are denied as moot.  THIS CASE IS CLOSED.

ENTER:   November 26, 2019

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE